UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ALLAHJUSTICE TURNER,

      Plaintiff,

v.

SGT. CIMORELLI, et al.,

      Defendants.
-------------------------------------------------------------x

**AMENDED ORDER**

20-CV-00643 (PMH)

PHILIP M. HALPERN, United States District Judge:

  On January 21, 2020, Plaintiff, currently incarcerated at Craven Correctional Institution, commenced this *pro se* action under 42 U.S.C. § 1983, alleging that certain Defendants used excessive force against him. (*See* Doc. 1). On March 2, 2020, Judge Nelson S. Román issued an Order to Amend, *inter alia*, permitting Plaintiff to file an amended complaint in order to replead his claims against John and Jane Doe Medical Staff. (Doc. 7, "Order to Amend"). The Order to Amend also alerted Plaintiff that if he chose to file an amended complaint, such pleading would completely replace, not supplement, the original complaint; any facts or claims that Plaintiff wished to maintain would therefore need to be repleaded in the amended complaint. *Id*. On April 6, 2020, this action was reassigned to me.

  On April 6, 2020, Plaintiff filed an Amended Complaint asserting claims against Nurse Rawls who gave him two Benadryl for allergies and possibly failed to notify kitchen staff of the allergy in time to prevent him from receiving a second meal involving mushrooms; and against Nurse Washington, who stated that there was nothing she could do about small bumps on one side of his mouth that were irritating. (*See* Doc. 10, "Amended Complaint"). In the Amended Complaint, Plaintiff also asserts section 1983 claims against the medical director based upon a theory of *respondeat superior*. *Id*. However, Plaintiff does not replead his claims against Sergeant Murphy and Correctional Officer Moore. *Id*.

Despite the Court's warning in the Order to Amend advising Plaintiff that his Amended Complaint would entirely replace the original complaint, Plaintiff may be seeking to "supplement" the original complaint with new claims. The Court may, pursuant to Fed. R. Civ. P. 15(d), permit a party, upon motion, "to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." *Id*. And because Plaintiff proceeds *pro se*, the Court is "to construe [such] complaints liberally and to apply a more flexible standard in determining the sufficiency of a pro se complaint than [it] would in reviewing a pleading submitted by counsel." *Platsky v. CIA*, 953 F.2d 26, 28 (2d Cir. 1991).

Because it is not clear to the Court that Plaintiff intended to drop his claims against Murphy and Moore, Plaintiff is directed to file a letter via ECF on or before September 28, 2020 advising the Court if he intends the Amended Complaint to supplement the original complaint. If Plaintiff fails to respond or advises the Court that he did not intend to supplement the original complaint, the Court will deem the Amended Complaint to be the operative complaint in this action and will screen the Amended Complaint under 28 U.S.C. § 1915(e)(2)(B)(ii). No summons will issue at this time.

The Clerk of Court is directed to mail a copy of this order to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED:

Dated: New York, New York
      August 31, 2020

_____
Philip M. Halpern
United States District Judge