```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ALLAHJUSTICE TURNER,

                          Plaintiff,
v.                                                              ORDER OF SERVICE

SGT. CIMORELLI, et al.,                                         20-CV-00643 (PMH)

                          Defendants.
-----------------------------------------------------------X
```

PHILIP M. HALPERN, United States District Judge:

On January 21, 2020, Plaintiff commenced this *pro se* action under 42 U.S.C. § 1983, alleging that certain Defendants used excessive force against him. (*See* Doc. 1). On March 2, 2020, Judge Nelson S. Román issued an Order to Amend, *inter alia*, permitting Plaintiff to file an amended complaint in order to replead his claims against John and Jane Doe Medical Staff. (Doc. 7). On April 6, 2020, this action was reassigned to me and Plaintiff filed an Amended Complaint (*see* Doc. 10). Because it was unclear if Plaintiff sought to "supplement" the original complaint with new claims, or intended to drop claims against certain defendants, Plaintiff was directed to file a letter via ECF by September 28, 2020 advising the Court of his intention. (Docs. 13, 14). Plaintiff was warned that should he fail to respond, the Court will deem the Amended Complaint to be the operative complaint in this action. (*Id*.). The docket indicates that the Clerk of Court mailed the Court's Order to Plaintiff at the address provided by Plaintiff.

To date, Plaintiff has failed to respond to the Court's Order. Accordingly, Plaintiff's Amended Complaint is deemed the operative complaint in this action, superseding the original complaint. Plaintiff's Amended Complaint names as defendants Medical Staff Jane and John Doe 1-50, RN S Rawls, RN T. Washington, and Medical Director Salwa Khouri. (Doc. 10).

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**ANALYSIS**

A.   Service on Named Defendants

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the Amended Complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the Amended Complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the

plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants RN S Rawls, RN T. Washington, and Medical Director Salwa Khouri, through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

B.      Medical Staff Jane and John Doe 1-50

Under *Valentin v. Dinkins*, a *pro se* litigant is generally entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the Amended Complaint, however, Plaintiff does not supply sufficient information to permit Orange County to identify "Medical Staff Jane and John Doe 1-50," who were allegedly involved in violating Plaintiff's rights. Plaintiff fails to provide any information about what the John or Jane Doe individuals did or failed to do that violated his rights, or plead facts about the date and location of the incident, which might permit identification of these individuals. The Court therefore declines at this stage to direct Orange County to identify the John or Jane Doe defendants sued in this complaint. Nothing in this order prevents Plaintiff from repleading his claims against "Medical

Staff Jane and John Doe 1-50," in any amended complaint that he may be permitted, under Rule 15 of the Federal Rules of Civil Procedure, to file.

## **CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for RN S Rawls, RN T. Washington, and Medical Director Salwa Khouri, and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Court certifies under 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO-ORDERED:

Dated: New York, New York
       November 13, 2020

_____
Philip M. Halpern
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. RN S Rawls
   Orange County Jail
   110 Wells Farm Road
   Goshen, New York 10924

2. RN T. Washington
   Orange County Jail
   110 Wells Farm Road
   Goshen, New York 10924

3. Medical Director Salwa Khouri
   Orange County Jail
   110 Wells Farm Road
   Goshen, New York 10924