UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ALLAHJUSTICE TURNER,

                        Plaintiff,

v.                                        ORDER TO SHOW CAUSE

SGT. CIMORELLI, et al.,                      20-CV-00643 (PMH)

                        Defendants.
-----------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

      On January 21, 2020, Plaintiff, currently incarcerated at Craven Correctional Institution, commenced this *pro se* action under 42 U.S.C. § 1983, alleging that certain Defendants used excessive force against him. (*See* Doc. 1). On February 11, 2020, Chief Judge Colleen McMahon issued an Order granting Plaintiff's application to proceed *in forma pauperis*, and advised that "it is Plaintiff's obligation to promptly submit a written notification to the Court if Plaintiff's address changes," and warned Plaintiff that "the Court may dismiss the action if Plaintiff fails to do so." (Doc. 5). This action was reassigned to Judge Nelson S. Román, and on March 2, 2020, Judge Román issued an Order to Amend, *inter alia*, permitting Plaintiff to file an amended complaint in order to replead his claims against John and Jane Doe Medical Staff. (Doc. 7). On March 5, 2020, Plaintiff filed a letter advising the Court of his new address, and the docket was updated accordingly. (Doc. 8).

      On April 6, 2020, this action was reassigned to me. Also on April 6, 2020, Plaintiff filed an Amended Complaint. (Doc. 10). Because it was not clear to the Court that Plaintiff intended to drop his claims against certain Defendants, on August 31, 2020, the Court directed Plaintiff to file a letter via ECF on or before September 28, 2020 advising the Court if he intended the Amended

1

Complaint to supplement the original complaint. (Doc. 14).[1] Plaintiff was warned that if he did not respond by September 28, 2020, the Court would deem the Amended Complaint to be the operative complaint in this action. (*Id.*). The docket reflects that the August 31st Order was mailed to Plaintiff by the Clerk's Office at the address provided by Plaintiff.

On September 14, 2020, the mailing was returned as "Attempted - Not known Unable To Forward, Cannot Locate in System." On November 13, 2020, because Plaintiff did not respond to the Court's August 31st Order, the Court deemed the Amended Complaint the operative pleading in this action, screened the Amended Complaint, and issued an Order of Service to permit the U.S. Marshals Service to effectuate service on the Defendants named therein. (Doc. 15). The Order of Service warned that the Court may dismiss this action if he fails to notify the Court in writing of a change in address. (*Id.*). Pursuant to the Order of Service, the Clerk's Office mailed an Information Package to Plaintiff (Doc. 17), and on December 2, 2020, the mailing was returned as "Return To Sender Not Deliverable As Addressed Unable To Forward, No Longer At This Institution."

Following service of the summons and Amended Complaint by the U.S. Marshals Service, on December 23, 2020, Defendants Khouri and Washington (the "Appearing Defendants") appeared through counsel in this action. (Doc. 18). On February 19, 2021, the Appearing Defendants filed a letter-motion pursuant to the Court's Individual Practices seeking leave to file a motion to dismiss the Amended Complaint. (Doc. 25). On February 25, 2021, the Appearing Defendants advised the Court by letter that they had served Plaintiff with a copy of their February 19th letter-motion, but the mail was returned as "undeliverable advising 'no longer at this institution - released.'" (Doc. 27). Plaintiff's response to the Appearing Defendants' letter-motion was due February 26, 2020 pursuant to the Court's Individual Practices. No response has been filed to date.

---

[1] The Court first issued a like Order on July 6, 2020, directing Plaintiff to respond by August 6, 2020 (Doc. 13), however, because the docket did not reflect that the July 6th Order was mailed to Plaintiff, the Court issued a new Order on August 31, 2020 (Doc. 14).

2

Thus, all documents mailed to Plaintiff by the Court and opposing counsel since September 2020 have been returned because Plaintiff is no longer at the address listed on the docket; and despite multiple Orders from the Court, Plaintiff has not updated his address.

Under Rule 41(b), "a district judge may, *sua sponte*, and without notice to the parties, dismiss a complaint for want of prosecution…." *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir. 1966); *West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990); *Lewis v. Hellerstein*, No. 14-CV-07886, 2015 WL 4620120, at *1-2 (S.D.N.Y. July 29, 2015); *Haynie v. Dep't of Corr.*, No. 15-CV-4000, 2015 WL 9581783, at *1-2 (S.D.N.Y. Dec. 30, 2015). Plaintiff's failure to comply with the Court's Orders, advise the Court of any change of address, and prosecute this action has impeded the Court's efforts to "avoid calendar congestion and ensure an orderly and expeditious disposition of cases." *Cortez v. Suffolk Cty. Corr. Facility*, No. 15-CV-1957, 2016 WL 6302088, at *2 (E.D.N.Y. Oct. 25, 2016).

Accordingly, it is hereby ORDERED that Plaintiff show cause in writing on or before April 5, 2021, why this action should not be dismissed for want of prosecution pursuant to Fed. R. Civ. P. 41(b). Failure to comply with this Court's Order will result in dismissal of this case for want of prosecution.

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff at the address listed on ECF.

SO-ORDERED:

Dated: White Plains, New York
      March 5, 2021

_____
Philip M. Halpern
United States District Judge