UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
ALLAHJUSTICE TURNER,

                    Plaintiff,

v.                                            ORDER

SGT. CIMORELLI, et al.,                  20-CV-00643 (PMH)

                    Defendants.
--------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

On January 21, 2020, Plaintiff, currently incarcerated at Craven Correctional Institution, commenced this *pro se* action under 42 U.S.C. § 1983, alleging that certain Defendants used excessive force against him. (*See* Doc. 1). On February 11, 2020, Chief Judge Colleen McMahon issued an Order granting Plaintiff's application to proceed *in forma pauperis*, and advised that "it is Plaintiff's obligation to promptly submit a written notification to the Court if Plaintiff's address changes," and warned Plaintiff that "the Court may dismiss the action if Plaintiff fails to do so." (Doc. 5). This action was reassigned to Judge Nelson S. Román, and on March 2, 2020, Judge Román issued an Order to Amend, *inter alia*, permitting Plaintiff to file an amended complaint in order to replead his claims against John and Jane Doe Medical Staff. (Doc. 7). On March 5, 2020, Plaintiff filed a letter advising the Court of his new address, and the docket was updated accordingly. (Doc. 8).

On April 6, 2020, this action was reassigned to me. Also on April 6, 2020, Plaintiff filed an Amended Complaint. (Doc. 10). Because it was not clear to the Court that Plaintiff intended to drop his claims against certain Defendants, on August 31, 2020, the Court directed Plaintiff to file a letter via ECF on or before September 28, 2020 advising the Court if he intended the Amended

Complaint to supplement the original complaint. (Doc. 14).[1] Plaintiff was warned that if he did not respond by September 28, 2020, the Court would deem the Amended Complaint to be the operative complaint in this action. (*Id.*). The docket reflects that the August 31st Order was mailed to Plaintiff by the Clerk's Office at the address provided by Plaintiff.

On September 14, 2020, the mailing was returned as "Attempted - Not known Unable To Forward, Cannot Locate in System."  On November 13, 2020, because Plaintiff did not respond to the Court's August 31st Order, the Court deemed the Amended Complaint the operative pleading in this action, screened the Amended Complaint, and issued an Order of Service to permit the U.S. Marshals Service to effectuate service on the Defendants named therein. (Doc. 15). The Order of Service warned that the Court may dismiss this action if he fails to notify the Court in writing of a change in address. (*Id.*). Pursuant to the Order of Service, the Clerk's Office mailed an Information Package to Plaintiff (Doc. 17), and on December 2, 2020, the mailing was returned as "Return To Sender Not Deliverable As Addressed Unable To Forward, No Longer At This Institution."

Following service of the summons and Amended Complaint by the U.S. Marshals Service, on December 23, 2020, Defendants Khouri and Washington (the "Appearing Defendants") appeared through counsel in this action. (Doc. 18). On February 19, 2021, the Appearing Defendants filed a letter-motion pursuant to the Court's Individual Practices seeking leave to file a motion to dismiss the Amended Complaint. (Doc. 25). On February 25, 2021, the Appearing Defendants advised the Court by letter that they had served Plaintiff with a copy of their February 19th letter-motion, but the mail was returned as "undeliverable advising 'no longer at this institution

---

[1] The Court first issued a like Order on July 6, 2020, directing Plaintiff to respond by August 6, 2020 (Doc. 13), however, because the docket did not reflect that the July 6th Order was mailed to Plaintiff, the Court issued a new Order on August 31, 2020 (Doc. 14).

- released.'" (Doc. 27). Plaintiff's response to the Appearing Defendants' letter-motion was due February 26, 2020 pursuant to the Court's Individual Practices. Plaintiff did not file any response.

On March 5, 2021, the Court issued an Order to Show Cause, warning Plaintiff that this action would be dismissed under Federal Rule of Civil Procedure 41(b) unless, on or before April 5, 2021, "Plaintiff show[ed] cause in writing . . . why this action should not be dismissed . . . for want of prosecution . . . ." (Doc. 28). The Court's Order to Show Cause warned Plaintiff that "[f]ailure to comply with this Court's Order will result in dismissal of this case for want of prosecution." (*Id.*). The docket reflects that the Order to Show Cause was mailed to Plaintiff by the Clerk's Office at the address provided by Plaintiff, and that on March 30, 2021, the mailing was returned as "Return To Attempted - Not Known Unable To Forward, Cannot Located in System Released." On June 29, 2021, the Appearing Defendants filed a letter requesting that the Court dismiss this action for lack of prosecution. (Doc. 29). The Court ordered counsel for the Appearing Defendants to serve a copy of their June 29th letter on Plaintiff at the address listed on ECF and, to any other known current address for Plaintiff, and to file proof of such service. (Doc. 30). On June 30, 2021, the Appearing Defendants filed a certificate of such service; and on July 15, 2021, they filed a letter advising the Court that their mailing was returned "as undeliverable advising 'no longer at this institution – released 5/14/20.'" (Doc. 32).

Plaintiff has not responded or otherwise communicated with the Court to date. All documents mailed to Plaintiff by the Court and opposing counsel since September 2020 have been returned because Plaintiff is no longer at the address listed on the docket; and despite multiple Orders from the Court, Plaintiff has not updated his address or responded to the Court's Orders.

## STANDARD OF REVIEW

The Second Circuit has recognized that Federal Rule of Civil Procedure 41(b), in combination with "the inherent power of a court to dismiss for failure to prosecute, a district judge may, *sua sponte*, and without notice to the parties, dismiss a complaint for want of prosecution, and such dismissal is largely a matter of the judge's discretion." *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir. 1966); *see also West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990) ("[T]he Supreme Court has recognized the inherent power of a district judge to dismiss a case for the plaintiff's failure to prosecute."); *Lewis v. Hellerstein*, No. 14-CV-7886, 2015 WL 4620120, at *3-4 (S.D.N.Y. July 29, 2015) (dismissing *pro se* complaint for want of prosecution after the plaintiff failed to file an amended complaint or submit other filings for four months); *Haynie v. Dep't of Corr.*, No. 15-CV-4000, 2015 WL 9581783, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing *pro se* complaint for want of prosecution after plaintiff failed to respond for six months).

Although the Second Circuit has concluded that dismissal under Rule 41(b) is a "harsh remedy to be utilized only in extreme situations," *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)), dismissal may be necessary "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts," *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). In determining whether to dismiss an action for failure to prosecute under Rule 41(b), the Second Circuit has directed district courts to consider five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether [the] plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Jefferson v. Webber*, 777 F. App'x 11, 14 (2d Cir. 2019) (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (alteration in original)). No single factor is dispositive. *Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994). Ultimately, the record must be viewed "as a whole" in order to determine whether dismissal is warranted. *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (citing *Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993)).

The Second Circuit has cautioned that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). "However, even *pro se* litigants must prosecute claims diligently, and dismissal . . . is warranted where the Court gives warning." *Jacobs v. Cty. of Westchester*, No. 99-CV-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008).

## ANALYSIS

The Court finds that dismissal of Plaintiff's action for failure to prosecute under Rule 41(b) is proper in this case. As to the first factor, Plaintiff has failed to respond to two separate orders over an approximately seven-month period. On August 31, 2020, this Court issued an Order directing Plaintiff to file a letter via ECF on or before September 28, 2020 advising the Court if he intended the Amended Complaint to supplement the original complaint. (Doc. 14). Receiving no response, the Court issued an Order of Service on November 13, 2020, deeming the Amended Complaint the operative pleading. (Doc. 15). Having received no communication from Plaintiff, on March 5, 2021, the Court issued an Order to Show Cause warning that the action would be dismissed for want of prosecution unless, on or before April 5, 2021, "Plaintiff show[ed] cause in writing . . . why this action should not be dismissed . . . ." (Doc. 28). No response has been filed to date. Indeed, Plaintiff has not submitted anything to the Court since April 27, 2020. (Doc. 12).

5

Plaintiff's failure to comply with two orders over seven months is sufficient to support dismissal. *See, e.g.*, *Balderramo v. Go New York Tour Inc.*, No. 15-CV-2326, 2019 WL 5682848, at *3 (S.D.N.Y. Nov. 1, 2019) ("In this Circuit, a delay of merely a matter of months may be sufficient to warrant dismissal under Rule 41.").

Second, Plaintiff has been warned that failure to comply with the Court's directives could result in dismissal of this action. The March 5, 2021 Order to Show Cause warned that the case would be dismissed unless Plaintiff responded. (Doc. 28). Moreover, the Court warned Plaintiff numerous times of his obligation to promptly submit a written notification to the Court if his address changed and that the action may be dismissed if he failed to do so. (*See* Docs. 5, 15, 28). Such warnings support dismissal. *See Davis v. Correct Care Solutions*, No. 19-CV-10588, 2020 WL 6064184, at *3 (S.D.N.Y. Oct. 14, 2020).

Third, when a plaintiff's delay is "lengthy and inexcusable," prejudice can be presumed. *United States ex rel. Drake*, 375 F.3d at 256. The delay here in inexcusable: Plaintiff has not complied with the Court's directives and has not taken any steps to advance this matter despite Orders directing him to do so. Moreover, Plaintiff had not responded to the Appearing Defendants' February 19th letter-motion seeking leave to file a motion to dismiss the Amended Complaint (Doc. 25) nor their letter of June 29th seeking dismissal for failure to prosecute (Doc. 29).

Fourth, the Court has balanced the need to alleviate court congestion with a party's right to due process and determined that dismissal is appropriate. "[N]oncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner." *Mahoney v. City of New York*, No. 12-CV-6717, 2013 WL 5493009, at *2 (S.D.N.Y. Oct. 1, 2013). Since September 2020, the Court has issued two Orders pressing Plaintiff

to participate in this action. He has not complied with those Orders and there is no reason to believe that he intends to pursue this action any further.

The Court has further "considered the possibility of a less drastic sanction than dismissal." *Kaplan v. Hezbollah*, 844 F. App'x 459, 460 (2d Cir. 2021). Where, as here, a plaintiff appears to have abandoned the litigation, dismissal is appropriate. *See Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (finding dismissal under Rule 41(b) proper because, *inter alia*, "the Court is sufficiently persuaded that Plaintiff has abandoned this matter").

## <u>CONCLUSION</u>

Based upon the foregoing, and viewing the record in its entirety, the Court finds that dismissal of this action under Federal Rule of Civil Procedure 41(b) is appropriate. Accordingly, this action is DISMISSED without prejudice. The Clerk of the Court is respectfully directed to terminate this action and to mail a copy of this Order to Plaintiff.

SO-ORDERED:

Dated:  White Plains, New York
        July 21, 2021

_____
Philip M. Halpern
United States District Judge